IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| YUZZA HENDERSON,  :  | |
|     Plaintiff,  : | |
| : | |
| v.  : | CIVIL ACTION NO. 23-CV-2408 |
| : | |
| WORKFORCE SOLUTIONS  : | |
| EQUIFAX, INC., *et al.*,  : | |
|     Defendants.  : | |

## MEMORANDUM

**SLOMSKY, J.**                                                                                                     **AUGUST 11, 2023**

Plaintiff Yuzza Henderson filed this *pro se* action alleging that false allegations were submitted against her. She also seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Henderson leave to proceed *in forma pauperis* and dismiss her Complaint without prejudice. Henderson will be granted leave to file an amended complaint.

**I.     FACTUAL ALLEGATIONS**

Henderson utilized a standard form to submit her Complaint and checked the box to indicate diversity of citizenship as the basis for this court's jurisdiction. (*See* Compl. (ECF No. 2) at 2.) Workplace Solutions Equifax, Inc. and Lesley Buhler are named as Defendants. (*Id.*) The nature of Henderson's claims are difficult to discern because her allegations are presented in an extremely brief and vague manner. She alleges that on March 4, 2021, Defendants, an "outside HR Consultant Firm, submitted false allegations to a third party as evidence, without proper evaluation of investigation of its content." (*Id.* at 3.) Henderson asserts that as a result, the Defendants caused her "extreme harm," injuring her "reputation and professional career." (*Id.*) She seeks damages in the amount of $100,000. (*Id.* at 2.)

II.     **STANDARD OF REVIEW**

The Court will grant Henderson leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Henderson is proceeding *pro se*, the Court construes her allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). However, "'*pro se* litigants still must allege sufficient facts in their complaints to support a claim.'" *Id.* (quoting *Mala*, 704 F.3d at 245). An unrepresented litigant also "'cannot flout procedural rules – they must abide by the same rules that apply to all other litigants.'" *Id.*

Moreover, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief.

2

*See Travaline v. U.S. Supreme Court,* 424 F. App'x 78, 79 (3d Cir. 2011).  The Third Circuit has explained that in determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims."  *Garrett*, 938 F.3d at 93 (citation omitted).  "[A] pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8."  *Garrett*, 938 F.3d at 93; *see also Fabian v. St. Mary's Med. Ctr.*, No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) ("Federal Rule of Civil Procedure 8 requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue.") (quotations omitted).  A pleading may still satisfy the "plain" statement requirement "even if it is vague, repetitious, or contains extraneous information" and "even if it does not include every name, date, and location of the incidents at issue."  *Garrett*, 938 F.3d at 93-94.  The important consideration for the Court is whether "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits."  *Id.* at 94.  Dismissals under Rule 8 are "'reserved for those cases in which the complaint so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'"  *Id.* (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

### III. DISCUSSION

Henderson's Complaint fails to comply with Rule 8 and to state a plausible claim for which relief may be granted.  Although Henderson used the court's standard form complaint, it is unclear what claims she presents against each defendant.[1]  Henderson has not adequately averred

---

[1] Because Henderson has identified diversity of citizenship as the basis for the court's jurisdiction, the Court surmises that Henderson intended to assert state law claims.  Henderson has not, however, specifically identified the state law claims she intended to assert.

the circumstances surrounding the alleged false allegations and publication thereof, why the allegations were false, and the extent of her alleged injury, such that the factual and legal bases for her claims remain entirely unclear.  Because the facts are alleged in an extremely brief and vague manner, the Complaint fails to provide fair notice of the grounds upon which Henderson's claims against each Defendant rest, as required by Rule 8.  *See Afzal v. N.J. Bd. of Med. Examiners*, No. 22-1609, 2022 WL 4533826, at *3 (3d Cir. Sept. 28, 2022) (*per curiam*) (affirming dismissal of complaint pursuant to Rule 8 because plaintiff failed to plead adequate factual content to support a reasonable inference that defendants were liable and failed to present cognizable legal claims to which defendants could respond on the merits).  In other words, Henderson's Complaint lacks sufficient factual allegations to state a plausible claim against either of the named Defendants.

## IV.   CONCLUSION

For the foregoing reasons, the Court will grant Henderson leave to proceed *in forma pauperis* and dismiss her Complaint without prejudice pursuant Federal Rule of Civil Procedure 8 and pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.  Henderson will be permitted the opportunity to file an amended complaint to "flesh out [her] allegations by . . . explaining in the amended complaint the 'who, what, where, when and why' of [his] claim."  *See Gambrell v. S. Brunswick Bd. of Educ.*, No. 18-16359, 2019 WL 5212964, at *4 (D.N.J. Oct. 16, 2019).  An appropriate Order follows, which contains additional instructions as to amendment.

**BY THE COURT:**

/s/Joel H. Slomsky, J.
**JOEL H. SLOMSKY, J.**
